UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas P. Price,

    Plaintiff,

v.                                                                  Case No. 19-12874

Amanda Wilson, *et al.*,                         Sean F. Cox
                                                                      United States District Court Judge
    Defendants.
_____/

**OPINION & ORDER**
**GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Acting through counsel, on October 1, 2019, Plaintiff filed this action asserting § 1983 and *Bivens* claims against unidentified "John Doe" federal agents. More than a year later, on February 11, 2021, Plaintiff filed a First Amended Complaint that identified seven individuals as the defendant agents. The matter is currently before the Court on materially identical Motions to Dismiss filed by Defendants. The parties have briefed the issues and the Court held a hearing on November 4, 2021. As explained below, the Court shall GRANT the motion and dismiss this action because Plaintiff's complaint is time-barred by the applicable statute of limitations and Plaintiff is not entitled to equitable tolling.

**BACKGROUND**

Acting through counsel, on October 1, 2019, Plaintiff Thomas Price ("Plaintiff") filed this action, asserting claims against unknown agents of the United States, identified in the original Complaint as "John Doe, Richard Roe, William Doe and Jane Doe, unknown agents of the United States Department of Justice, Drug Enforcement Agency." (ECF No. 1).

1

On January 16, 2020, this Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute. (ECF No. 5). In response, Plaintiff stated that he did not properly serve Defendants but was in the process of curing that failure. (ECF No. 6). This Court vacated that first Show Cause Order on January 30, 2020.

On August 3, 2020, this Court issued another order requiring Plaintiff to show cause, in writing, why the action should not be dismissed for failure to prosecute. (ECF No. 11). On August 4, 2020, Plaintiff filed a response to the second show-cause order, along with an "Ex Parte Motion For Leave To Take Limited Discovery Prior To Rule 26(F) Conference" (ECF No. 12), asserting that he needed discovery to identify the DEA agents. This Court granted that motion on November 20, 2020, ordering that "Plaintiff may take limited discovery prior to Rule 26(f) conference to determine the identity of Defendants." (ECF No. 15).

On February 1, 2021, this Court issued a "Third Order To Show Cause Why This Case Should Not Be Dismissed For Failure To Prosecute." (ECF No. 16). In it, the Court noted the prior orders, and this Court's order granting Plaintiff's motion for limited discovery, and stated "[n]evertheless, the docket reflects that Defendants have not been named or served in this action. Accordingly, the Court ORDERS Plaintiff to SHOW CAUSE, in writing, no later than February 10, 2021, why this action should not be dismissed for failure to prosecute." (*Id*. at 1-2).

In response to the Court's third show-cause order, Plaintiff stated he was still attempting to identify and serve the Defendants. On February 10, 2021, this Court issued an Order stating, in pertinent part:

> This case was filed on *October 1, 2019* yet the Defendants have not been identified or served, despite multiple show cause orders issued by this Court. The Court hereby ORDERS that Plaintiff shall identify and serve the Defendants, and file proof of service on the docket, along with an amended complaint that names

2

> the unidentified Defendants, no later than March 26, 2021. If Plaintiff fails to do so, this Court shall dismiss this action for failure to prosecute. No further extensions shall be granted.
>     IT IS SO ORDERED

(ECF No. 18) (emphasis in original).

On February 11, 2021, Plaintiff filed a First Amended Complaint (ECF No. 19) wherein Plaintiff asserts claims against the following seven defendants: 1) Amanda Wilson; 2) David McGovern; 3) Robert Derocher; 4) Nick Pung, 5) John Butcher; 6) Kurtis Hissong; and 7) James Guerrero. Plaintiff's First Amended Complaint asserts the following two counts: 1) "*Bivens* Claim" (Count I), asserted against all seven Defendants; and 2) "Violation of 42 U.S.C. § 1983 By Defendants" (Count II), asserted against all seven Defendants.

Plaintiff alleges that he is a resident of Flint, Michigan. Plaintiff alleges that Wilson, McGovern and Derocher were, at all relevant times, "employed as special agents of the United States Department of Justice, Drug Enforcement Agency" (the "DEA"). (*Id.* at ¶ 7). Plaintiff alleges that Defendants Pung, Butcher, Hissong, and Guerrero were, at all relevant times, "employed as Federally Deputized Task Force Officers (TFO) of the United States Department of Justice" DEA. (*Id.* at ¶ 8). Plaintiff alleges that "[o]n October 19, 2016, at the time of the events alleged in this Complaint," all seven Defendants "were each acting in their individual capacities, within the course and scope of their employment as agents of the DEA." (*Id.* at ¶ 9). He further alleges that "[o]n October 16, 2016, at the time of the events alleged in this Complaint, Defendants were acting under color of law." (*Id.* at ¶ 10).

Plaintiff's First Amended Complaint further alleges the following:

> 11.  On or about October 19, 2016, at approximately 6:30 a.m., Defendants were special agents of the DEA and/or Federally Deputized Task Force Officers (TFO) of the DEA.

12. Defendants, DEA Agents and/or TFO Agents, were working in conjunction with the Oakland County Sheriff's Department and the Narcotics Enforcement Team out of Flint.
13. Defendants, went to the business and residence located at 3711 Gorey Ave., within the City of Flint to execute a search warrant in search of drugs.
14. At the time of the DEA raid, Plaintiff, THOMAS PRICE was residing in the upper apartment in the residence at the subject address and he was sleeping at the time of the raid.
15. During the drug raid conducted by Defendants, *one of Defendant Special Agents and/or TFO Agents, picked Plaintiff, THOMAS PRICE up while he was sleeping in his sleeping bag and threw him to the ground causing a brain bleed, blood clot, craniotomy, and a large residual head scar.*
16. The force utilized was unreasonable, unnecessary and excessive.
17. The Defendant, Special Agent and/or TFO Agent, did not have justifiable reason to use the force that they deployed at any time during their search and brutal physical attack on Plaintiff, THOMAS PRICE.
18. As a direct and proximate result of the wrongful acts and omissions of the Defendants, Plaintiff, THOMAS PRICE sustained severe and permanent injuries.

(*Id*. at ¶¶ 11-18) (emphasis added).

The First Amended Complaint includes a section titled, "Defendants' Status As State And/Or Federal Employees" that alleges:

19. Defendants, upon information and belief, were acting as employees of the United States at all relevant times.
20. Discovery is needed to determine which of the Defendants were acting under color of federal law.
21. No Defendant was acting outside of the color of federal law.

(*Id.* at ¶¶ 19-21).

On August 2, 2021, a Motion to Dismiss was filed on behalf of Defendant Wilson. (ECF No. 32). Thereafter, the remaining Defendants filed materially identical motions. The motions have been fully briefed by the parties.

**ANALYSIS**

Defendants' motions all present the same four issues: 1) whether Plaintiff's complaint is

time-barred by the applicable statute of limitations; 2) if so, whether Plaintiff is entitled to equitable tolling; 3) whether Plaintiff's First Amended Complaint alleges any action by any specific defendant that deprived him of a constitutional right; and 4) whether Plaintiff's § 1983 claim against Wilson should be dismissed because federal law agents are not subject to suit under § 1983.

I.      **Are Plaintiff's *Bivens* And § 1983 Claims Untimely?**

Defendants first contend that Plaintiff's *Bivens* and § 1983 claims are untimely.

The statute of limitations for claims under 42 U.S.C. § 1983 is established with reference to the statute of limitations for personal injury claims in the state where the case arises. *See Wilson v. Garcia*, 417 U.S. 261, 272 (1985). The same is true for *Bivens* claims. *Id*. As Defendants note, in Michigan, the statute of limitations for personal injury claims is three years. *See* Mich. Comp. Laws § 600.5805(10). And Plaintiff agrees "that the statute of limitations for this action is three years." (ECF No. 35 at PageID.299). Thus, it is undisputed that a three-year statute of limitations applies to Plaintiff's claims in this action.

"Under federal law the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Defendants contend, and Plaintiff does not dispute, that Plaintiff's claims accrued on October 19, 2016 – the date of the incident during which agents are alleged to have used excessive force on Plaintiff.

Thus, Plaintiff's claims accrued on October 19, 2016, and the statute of limitations would expire three years later, on October 19, 2019. Plaintiff filed his original Complaint on October 1, 2019, within that three-year period. That complaint, however, did not identify Wilson,

5

Derocher, McGovern (or any of the other currently-named Defendants), but rather referred only to unknown and unidentified agents of the DEA. None of the existing Defendants were named until Plaintiff filed his First Amended Complaint on February 11, 2021.

Defendants contend that an otherwise time-barred amended complaint asserting excessive force claims against law enforcement officers in their individual capacities does not relate back to the filing date of an original complaint naming John Doe defendants and rely on the Sixth Circuit's decision in *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996). They contend that, under *Cox v. Treadway*, Plaintiff's First Amended Complaint, that was filed on February 11, 2021, cannot relate back to the original filing date.

In response to Defendants' motions, Plaintiff acknowledges that he "amended his complaint in February 2021 by adding the named defendants in place of "John Doe, Jane Doe' etc." (ECF No. 35 at PageID.299). He argues that "[n]evertheless, the amended complaint did not violate the statute of limitations because the amendment would relate back to the original, timely filed complaint under Fed. R. Civ. Pro. *15(c)(3)*." (*Id*. at PageID.299) (emphasis added). But Plaintiff's brief cites an old version of the Rule and it appears that Plaintiff is actually looking to Fed. R. Civ. P. 15(c)(1)(C) in making its relation-back argument. (*Id*. at PageId.299-300).

Rule 15(c)(1)(C) provides that an "amendment to a pleading relates back to the date of the original pleading" when the "amendment changes the party or the naming of the party against whom a claim is asserted, if Rule (c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment" "(i) received such notice of the action that it will not be prejudiced in defending on the merits; *and*"

"(ii) knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added).

Notably, however, in making his relation-back arguments, Plaintiff entirely ignores *Cox v. Treadway*. That is, Plaintiff fails to cite or discuss it in his response briefs. Rather than respond to this binding Sixth Circuit authority, Plaintiff cites and relies on Third Circuit cases. Plaintiff also makes policy arguments in support of the Third Circuit's views, and argues that "some of the commentators who have addressed this issue call for Rule 15(c)(3) to allow relation back in cases in which a 'John Doe' complaint is amended to substitute real defendants' names." (*Id*. at PageID.304).

Such arguments are unavailing, as this Court must follow binding Sixth Circuit authority on this issue. *Cox v. Treadway, supra*, controls. As other judges in this district have noted, the "Sixth Circuit has repeatedly held that where the original complaint refers to unnamed defendants, or 'John Doe' defendants, that does not constitute a mistake of identity, and a later amendment to identify those individuals serves to add new defendants, not correct a mistake." *Boyd v. City of Warren*, 2020 WL 1861986 at *3 (E.D. Mich. 2020) (citing *Cox v. Treadway, supra*).

The plaintiff in *Cox v. Treadway* referred to four "unnamed police officers" in his original complaint but later identified those officers in an amended pleading that was filed after the applicable statute of limitations had run. The Sixth Circuit affirmed the trial court's dismissal of the claims against those four officers on statute of limitations grounds. In doing so, it explained:

> Appellants argue that the court erred in granting the newly named officers' motion because the amended complaint relates back to the filing of the original complaint under Fed. R. Civ. P. 15(c)(3).
> . . . .
> Appellants' amended complaint does not relate back. Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments to not satisfy the "mistaken identity" requirement of Rule 15(c)(3)(B). *In re Kend Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449-50 (6th Cir. 1991); *Marlowe v. Fisher Boyd*, 489 F.2d 1057, 1064 (6th Cir. 1973). The amendment attempted by appellants clearly adds new parties to the complaint.
>
> The naming of "unknown police officers" in the original complaint does not save the pleading. Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties.

*Id.* at 240.

As Magistrate Judge Stephen Whalen explained in *Boyd*, *Cox v. Treadway* has been repeatedly followed by both the Sixth Circuit and by district courts within the Sixth Circuit:

> The Sixth Circuit has consistently followed Cox in a number of unpublished cases. *See Brown v. Cuyahoga Cty., Ohio*, 517 Fed.Appx. 431, 433–34 (6th Cir. 2013) (noting that the Sixth Circuit "previously held [in *Cox*] that an absence of knowledge is not a mistake, as required by Rule 15(c)(1)(C)(ii)"); *Moore v. Tennessee*, 267 Fed.Appx. 450, 455 (6th Cir. 2008) ("[A] plaintiff's lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c). Nor are we alone in so holding—our court's precedent comports with no fewer than seven of our sister circuits.") (citation omitted) (collecting cases); *Wiggins v. Kimberly–Clark Corp.*, 641 Fed.Appx. 545, 549 (6th Cir. 2016)(lack of knowledge of a defendant's identity does not constitute a "mistake" within the meaning of the Rule 15(c)(1)(C)(ii)); *Force v. City of Memphis*, 101 F.3d 702, at *3 (6th Cir. 1996) (table) ("We have recently held that [the mistaken identity prong] is not satisfied where the caption of an original complaint refers to 'unknown police officers' and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers.") (citing *Cox*, 75 F.3d at 240). And numerous cases within this District have followed suit, denying relation back of amendments that for the first time name previously unidentified defendants. *See Reiner v. Canale*, 301 F. Supp. 3d 727, 737 (E.D. Mich. 2018)(citing cases).

*Boyd, supra*, at *3.

This Court shall follow this line of authority, and rejects Plaintiff's relation-back argument, that is based upon non-binding Third Circuit authority. That means that this action must be dismissed as untimely, unless Plaintiff can establish that he is entitled to equitable tolling.

## II.     Is Plaintiff Entitled To Equitable Tolling?

Anticipating that Plaintiff may make such an argument, Defendants' motions assert that any request for equitable tolling should be denied. As expected, Plaintiff contends that he is entitled to equitable tolling of his claims.

As the party seeking equitable tolling, Plaintiff bears the burden of demonstrating that he is entitled to it. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

"The federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id*. Thus, "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Id*. at 561.

The parties both recognize that the Sixth Circuit has identified five factors to consider when determining whether equitable tolling is appropriate: 1) lack of actual notice of the filing requirement; 2) lack of constructive notice of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *EEOC v. Kentucky State Police Dep't.*, 80 F.3d 1086, 1094 (6th Cir. 1996); *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

Defendants argue that equitable tolling is not warranted under the facts and

9

circumstances presented here:

> Here, there were no circumstances beyond Plaintiff's control.  Plaintiff had counsel that should have been aware of the filing requirements and, beyond that, the facts demonstrate that Plaintiff was not diligent in pursuing his claim. Plaintiff had three years prior to the statute of limitations running to identify the *Bivens* defendants named in this case, but took no action to do so. Moreover, after filing the instant case against John Doe defendants, and after being show-caused *three times* by the Court, Plaintiff did not ask the Court for pretrial discovery to subpoena the individual Defendants' identities until almost 10 months had passed.
>
> Here, the Sixth Circuit equitable tolling factors favor Defendants. Plaintiff had notice and constructive knowledge of the filing requirement, but took no action to seek the identities of the Defendants for almost four years, and therefore was not diligent in pursuing his rights.  The Defendants would be prejudiced by granting equitable tolling, because they would have to spend time and expense in defending stale claims.   Moreover, it was not reasonable for Plaintiff to do nothing to identify the current Defendants for almost four years. The Court should deny any request for equitable tolling because Plaintiff was not diligent in pursuing his claim and none of the Sixth Circuit factors weigh in Plaintiff's favor.

(ECF No. 32 at PageID.229-30).

Although Plaintiff identified the above factors that should be considered, Plaintiff's response briefs do not then address those factors.  Rather, Plaintiff directs the Court to two non-binding district court decisions and asserts that similar facts are present here:

> The  facts  of the present  case  are  similar  to  the  facts [in] *Elhady v. Pew*, 370  F. Supp.3d 757 (E.D. Mich. 2019). Elhady attempted to procure the  names  of the John Doe defendants before he filed a discovery motion. *Id*. at 763.  He served the United States Attorney and service was refused. *Id.*  In *Elhady*, the Court issued a show-cause order for failure  to  prosecute, and Elhady responded  by filing the motion for limited discovery. *Id*.  Furthermore, in *Billups v. Scholl*, No.: 13-258, 2016 U.S. Dist. LEXIS 96016 (S.D. Ohio July 22, 2016) Exhibit 4, the Court found summary judgment was inappropriate because a jury could find that the statute of limitations  should  be tolled where only the police department had access to the information  regarding the names of the officers who conducted the stop and Billups repeatedly attempted to obtain information related to his incident.
> In the present case, Plaintiff attempted several times to identify the Defendants in this  case.   On June 18, 2018, Plaintiff  sent a FOIA request to the U.S. Department of Justice  DEA requesting information concerning this incident.

10

> As can be seen, the DEA refused to respond to the FOIA. On November 27, 2019, Plaintiff sent a subpoena to the DEA asking for information and Plaintiff go [sic] no response.
>
> This is not a case where the plaintiff made no attempt to find out who the Defendants were and how to serve them. Accordingly, Plaintiff is entitled to equitable tolling in this matter.

(ECF No. 35 at PageID.306-07).

The Court agrees with Defendants that equitable tolling is not warranted here. This is not a case wherein a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.

Plaintiff is represented by counsel. Plaintiff does not dispute that he and counsel had actual and constructive notice of the statute of limitations period. Thus, factors one, two, and five do not support equitable tolling.

Moreover, Plaintiff's lack of diligence weighs against tolling. The incident at issue occurred on October 19, 2016. Plaintiff's counsel sent a FOIA request on June 18, 2018 seeking the officers' identities and that request was denied in writing on August 15, 2018. (ECF No. 35-3). Thus, more than a year before the limitations period expired, Plaintiff and his counsel knew they would need to determine the identity of the agents in another manner. Yet they took no other action before filing suit on October 1, 2019 – just 18 days before the limitations period would expire.

After filing suit on October 1, 2019, Plaintiff could have promptly filed a motion seeking early discovery to ascertain the identities of the agents but did not do so. Rather, he did not file a such motion until after this Court had issued two separate show cause orders, directing Plaintiff why this case should not be dismissed for failure to prosecute. Even then, after this Court granted Plaintiff's discovery motion on November 20, 2020, Plaintiff waited nearly five more

weeks before he sent discovery requests to the DEA. (ECF No. 17 at PageID.153).

As such, Plaintiff's lack of diligence weighs against equitable tolling of the applicable three-year period of limitations.

The circumstances presented here are distinguishable from the circumstances presented in the two non-binding decisions that Plaintiff relies upon (*Elhady* and *Billups*). In *Elhady*, the plaintiff filed suit seven months before the applicable statute of limitations was set to expire, made several attempts prior to filing to learn the identity of the unknown defendants, and then moved for early discovery more than two months before the limitations period expired. In *Billups*, the plaintiff had mental health issues that prevented her from communicating with her attorney, that are not present here, and had also made several requests to law enforcement for information.

Finally, Defendants persuasively argue that they would be prejudiced by having to defend against state claims and Plaintiff has failed to address the prejudice factor.

Accordingly, the Court declines to equitably toll the applicable statute of limitations and shall dismiss this action as untimely.[1]

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motions to Dismiss are GRANTED, to the extent that the Court rules that Plaintiff's claims are untimely and Plaintiff is not entitled to equitable tolling. As such, the Court shall DISMISS Plaintiff's claims with prejudice.

---

[1] Given that ruling, the Court need not address Defendants' additional or alternative arguments.

IT IS SO ORDERED.

                                                   s/Sean F. Cox  
                                                   Sean F. Cox  
                                                   United States District Judge

Dated: November 9, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2021, by electronic and/or ordinary mail.

                                                   s/Jennifer McCoy  
                                                 Case Manager